**JUDGE ABRAMS**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**19 CV 10017**

**MAG. JU**

| | |
|---|---|
| VINOD GOVINDHARAJAN, individually and on behalf of others similarly situated, | **Civil Complaint for Equal Pay Act Violation** |
| Plaintiff, | Case No. _____ <br> *(to be filled in by the Clerk's Office)* |
| against- | Jury Trial:    Yes |
| TATA CONSULTANCY SERVICES and <br> RAJESH GOPINATHAN | |
| Defendants. | |

## I.    THE PARTIES TO THIS COMPLAINT

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Vinod Govindharajan |
| Street Address | 56 Nachatra Homes, L.N.Nagar, Kalapatti |
| City and County | Coimbatore |
| State and Zip Code | Tamil Nadu, India – 641 048 |
| Telephone Number | (848) 999-1100 |
| E-mail Address | gvinod123@gmail.com |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Tata Consultancy Service |
| Job or Title | |
| Street Address | 101 Park Avenue, 26th Floor |
| City and County | New York, New York County |
| State and Zip Code | New York, 10178 |
| Telephone Number | (212) 557-8038 |
| E-mail Address | |

Defendant No. 2

| | |
|---|---|
| Name | Rajesh Gopinathan |
| Job or Title | Chief Executive Officer |
| Street Address | 101 Park Avenue, 26th Floor |
| City and County | New York, New York County |
| State and Zip Code | New York, 10178 |
| Telephone Number | (212) 557-8038 |
| E-mail Address | |

### C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is:

| | |
|---|---|
| Name | Tata Consultancy Services |
| Street Address | 379 Thornall Street |
| City and County | Edison |
| State and Zip Code | New Jersey, 08837 |
| Telephone Number | (732) 590-2600 |

## II.    BASIS FOR JURISDICTION

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

x        Other federal law *(specify the federal law)*:

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the EPA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

Venue is proper in this district under 28 U.S.C § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an international technology company located in this district and is subject to this court's personal jurisdiction with respect to this civil action,

Further, this court has subject matter jurisdiction, under 28 U.S.C. § 1332, diversity of citizenship because Plaintiff Govindharajan resides in India and the amount in controversy is more than $75,000,

Defendants maintain their corporate headquarters and offices within this district, and Defendants reside in this district

x        Relevant state law *(specify, if known)*:

New York State Labor Law

New York State Equal Pay Act

New Jersey Conscious Employee Protection Act

New Jersey Unlawful Employment Practices or Unlawful Discrimination

    x      Relevant city or county law *(specify, if known)*:

New York City Labor Law

## III.   STATEMENT OF CLAIM

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

        x      Other acts *(specify)*:

Violation of New Jersey Conscious Employee Protection Act

Retaliation in Violation of Title VII

Violation of 18 U.S. Code Section 1546:

    a.  Fraud and Misuse of Visas, Permits, and other Documents

Violation of New Jersey State Law Section 10:5-12:

    a.  New Jersey Unlawful Employment Practices

    b.  New Jersey Unlawful Discrimination

Violation of the Federal Equal Pay Law:

    a.  Equal Pay Act of 1963

Violation of Federal Equal Pay Law:

    a.  Title VII of the Civil Rights Act of 1964

Under New York State Labor Law:

    a.  Violation of Equal Pay Act;

4

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)
December 2013 to February 2019

C.    I believe that defendant(s) *(check one)*:

Are still committing these acts against me.

D.    The facts of my case are as follows.  Attach additional pages if needed.
Please See Attached.

## IV.    RELIEF

State briefly and precisely what damages or other relief the plaintiff asks the court to
order.  Do not make legal arguments.  Include any basis for claiming that the wrongs
alleged are continuing at the present time.  Include the amounts of any actual damages
claimed for the acts alleged and the basis for these amounts.  Include any punitive or
exemplary damages claimed, the amounts, and the reasons you claim you are entitled to
actual or punitive money damages.

WHEREFORE, Plaintiff Govindharajan respectfully requests that this Court enter judgment
against Defendants by:

a)  Designating this action as a collective action and authorizing prompt issuance of notice
pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the
pendency of this action, and permitting them to promptly file consents to be Plaintiffs in
the FLSA claims in this action;

b)  Declaring that Defendants violated the Equal Pay Act, and associated rules and
regulations under, the EPA as to Plaintiff Govindharajan the EPA Class members;

c)  Declaring that Defendants violated the New Jersey Law Against Discrimination, and
associated rules and regulations under, the NJLAD as to Plaintiff Govindharajan the EPA
Class members;

d)  Declaring that Defendants violated the New York Labor Law, and associated rules and
regulations under, the NYLL with respect to Plaintiff Govindharajan, and the EPA Class
members' compensation, wages, and any deductions or credits taken against wages;

e) Declaring that Defendants' violations of the provisions of the EPA, were willful as to Plaintiff Govindharajan, and the EPA Class members;

f) Declaring that Defendants' violations of the provisions of the NYLL, were willful as to Plaintiff Govindharajan, and the EPA Class members;

g) Declaring that Defendants' violations of the provisions of the NJLAD, were willful as to Plaintiff Govindharajan, and the EPA Class members;

h) Awarding Plaintiff Govindharajan, and the EPA Class Members damages for the amount of wages, compensation, and damages for any improper deductions or credits taken against wages under the EPA as applicable;

i) Awarding Plaintiff Govindharajan, the EPA Class members liquidated damages in an amount equal to 300% of his damages for the difference in wages and compensation resulting from Defendants discriminatory actions, and damages for any improper deductions or credits taken against wages under the EPA as applicable pursuant to 29 U.S.C. § 216(b);

j) Declaring that Defendants violated the federal Equal Pay Act of 1963 with respect to Plaintiff Govindharajan, and all similarly situated employees, compensation, wages and any deductions of credits taken against wages;

k) Declaring that Defendants' violations of the federal Equal Pay Act of 1963 were willful as to Plaintiff Govindharajan, and all similarly situated employees;

l) Declaring that Defendants violated Title VII of the Civil Rights Act of 1964 with respect to Plaintiff Govindharajan, and all similarly situated employees, compensation, wages and any deductions of credits taken against wages;

m) Declaring that Defendants' violations of Title VII of the Civil Rights Act of 1964 were willful as to Plaintiff Govindharajan, and all similarly situated employees;

n) Awarding Plaintiff Govindharajan, and all similarly situated employees' damages for the discrimination in wages and compensation, and for any improper deductions or credits taken against wages, as well as awarding spread hours pay under the NYLL as applicable;

o) Awarding Plaintiff Govindharajan, and all similarly situated employees' damages for the discrimination in wages and compensation, and for any improper deductions or credits

taken against wages, as well as awarding spread hours pay under the NJLAD as applicable;

p) Awarding Plaintiff Govindharajan, liquidated damages in an amount equal to three hundred percent (300%) of the total amount of wage and compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

q) Awarding Plaintiff Govindharajan, and the EPA Class members pre-judgment and post-judgment interest as applicable;

r) Awarding Plaintiff Govindharajan, and the EPA Class members the expenses incurred in this action, including costs and attorneys' fees;

s) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

t) All such other and further relief as the Court deems just and proper

## V.    JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

## VI.    CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.**     **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: October 28, 2019.

Signature of Plaintiff _____

Printed Name of Plaintiff     VINOD GOVINDHARAJAN

## ADMINISTRATIVE PROCEDURES

1. Plaintiff has filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

2. On July 29, 2019 the EEOC issued a Final Determination finding reasonable cause to believe that Defendants discriminated against Plaintiff Govindharajan on the basis of national origin and retaliation.

3. On July 29, 2019 the EEOC offered Defendant an opportunity to join with the EEOC and Plaintiff Govindharajan in accepting proposed terms of conciliation.

4. Defendants turned down the conciliation offer.

5. On August 23, 2019 conciliation failed, and the EEOC issued a Notice of Right to Sue to Plaintiff Govindharajan.

## PARTIES
### *Plaintiffs*

6. Plaintiff Vinod Govindharajan ("Plaintiff Govindharajan" or "Mr. Govindharajan") is an adult individual residing in India.

7. Plaintiff Govindharajan is employed by Defendants Tata Consultancy Services in or about September 02, 2010 to present.

8. Plaintiff Govindharajan consents to be a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

9.  At all relevant times, Defendants own, operate, or control an international technology company, located at 101 Park Avenue, 26th Floor, New York, NY 10178 under the name "Tata Consultancy Services".

10. Upon information and belief, Defendant Tata Consultancy Services is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 101 Park Avenue, 26th Floor, New York, NY 10178.

11. Upon information and belief, Defendant Tata Consultancy Services also operated a facility located at 379 Thornall Street, Edison, NJ 08837 (hereinafter "New Jersey Facility").

12. Defendant Rajesh Gopinathan is an individual engaging (or who has engaged) in business in this judicial district during the relevant time period. Defendant Rajesh Gopinathan is sued individually in his capacity as Chief Executive Officer, owner and/or agent of Defendant Corporation.

13. Upon Information and belief, Defendant Rajesh Gopinathan possesses operational control over Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Govindharajan, and establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

14. On September 2, 2010, Plaintiff Govindharajan joined Tata Consultancy Services as a Consultant- Business Development Manager, in Chennai, India.

15. In December 20, 2013, Plaintiff Govindharajan began an assignment in the United States pursuant to the L-1A visa program as a Business Development Manager in the New York New Jersey area.

16. On April 25, 2014, Plaintiff Govindharajan raised concerns about his salary being substantially lower than that of his United States based coworkers[1].

17. On May 15, 2014, Plaintiff Govindharajan followed up with Defendants' Human Resources regarding the salary discrepancy, as there was no response to his April 25, 2014 inquiry.

18. On May 23, 2014, Plaintiff Govindharajan raised a grievance in system as he received no response to his April 25, 2014 and May 15, 2014 salary discrepancy inquiries.

19. On June 3, 2014, Plaintiff Govindharajan escalated the grievance he raised on May 23, 2014, as a result of Defendants failure to address the pay discrimination issue. In addition to the pay discrimination issue, the Defendants failed to address the concerns raised by Plaintiff Govindharajan as it relates to the performance band issues, he raised on April 11, 2014.

20. On June 9, 2014, Defendants closed the June 3, 2014 grievance with no explanation and no change in Plaintiff Govindharajan's salary.

21. On March 12, 2015, Plaintiff Govindharajan's rejected to participate in appraisal process as 2014 appraisal was not completed fairly.

22. For the second time on April 17, 2015, Plaintiff Govindharajan, raised pay discrimination issue, as his salary was not matched with his United States colleagues one year after he

---

[1] Upon information and belief these referenced US based Coworkers maintain US Residency or Citizenship and work out of Defendants' New York and New Jersey's Office

raised the concern. Plaintiff Govindharajan also requested Green Card localization (Non-citizen permeant resident).

23. On April 30, 2015, Plaintiff Govindharajan, discussed the Green Card sponsorship with his manager, Krishnamohan Cm, who promised that he will plan Plaintiff Govindharajan Green Card application in line with entire team.

24. On June 08, 2015, Defendants took retaliatory actions against Plaintiff Govindharajan when Defendants demoted him from his position and moved him to a different role and made him report to a Supervisors who were his peer by designation and his junior by experience. This is a standard and strategic retaliation and discrimination practice followed by Defendants widely.

25. On June 17, 2015, Plaintiff Govindharajan, received a Band C (C band in TCS means the employee is meeting expectations) Plaintiff Govindharajan disagreed stating no band is appropriate as he did not participate in the appraisal process. Defendants arranged a meeting with Plaintiff Govindharajan's manager, Krishnamohan Cm, to settle with an agreement.

26. On August 22, 2015 Plaintiff Govindharajan, requested Green Card sponsorship as his visa was about to expire.

27. On September 16, 2015. Plaintiff Govindharajan, Green Card sponsorship was denied, and Plaintiff Govindharajan followed up.

28. On October 28, 2015, Plaintiff Govindharajan did not receive an update on his Green Card sponsorship request but was advice that Defendants would initiate a Visa extension.

29. As of November 5, 2016, Plaintiff Govindharajan, did not receive a response to his inquiries about his Green Card sponsorship, salary discrimination, or promotion.

Therefore, Plaintiff Govindharajan escalated his concerns to the Defendants 'Unit Head, Pr Krishnan, and United States Human Resource head, S Narasimhan.

30. On November 7, 2016, Pr Krishnan, Infrastructure Services Business Unit Head acknowledged receipt of the November 5, 2016 email.

31. On November 9, 2016 Plaintiff Govindharajan, spoke to Infrastructure Services Business Unit Human Resources, T A Varghese, in India and he promised to initiate Green Card process.

32. On November 20, 2016 and November 22, 2016, Plaintiff Govindharajan, followed up with Infrastructure Services Business Unit HR, T A Varghese, but they ceased responding.

33. On January 01, 2017, Plaintiff Govindharajan was unallocated (reassigned) from his projects without any prior notice while he was still working on the assignment.

34. On June 12, 2017, Plaintiff Govindharajan, was removed suddenly from his project. Defendants completely unallocated Plaintiff Govindharajan from the business unit, in order to begin the termination process of Plaintiff Govindharajan.

35. On October 7, 2018, Plaintiff Govindharajan, escalated salary discrimination, retaliation actions and visa fraud matters to Defendants' Global Human Resources Head, Ajoy Mukherjee, and he received no response.

36. Subsequently, on October 14, 2018, Plaintiff Govindharajan, again escalated salary discrimination, retaliation actions and visa fraud matters to Chief Executive Officer, Rajesh Gopinathan, and he received no response.

37. On October 17, 2018, Defendants' Human Resources employee Baskar R, arranged to initiate Green Card process for Plaintiff Govindharajan.

38. On or about October 19, 2018, Defendants offered to continue Plaintiff Govindharajan, Green Card sponsorship if and only if Plaintiff Govindharajan did not file any with the EEOC and USCIS.

39. Plaintiff Govindharajan did not accept Defendants' offer and advise them that he believes such an offer is illegal.

40. On October 31, 2018, after multiple follow-ups to investigate Plaintiff Govindharajan claims, Defendants called for a meeting, in the meeting Defendants denied all of Plaintiff Govindharajan's complaints.

41. On October 31, 2018, Plaintiff Govindharajan, submitted proof of denied appraisal, proof of significantly lower salary for L1A employees, proof of fraudulent facts submitted to the USCIS with L1A and Green Card petitions, previous discriminations and retaliations, to Defendants to investigate.

42. On November 2, 2018, Plaintiff Govindharajan, filed national origin wage discrimination charge with EEOC, and informed the CEO that he had done so.

43. On November 9, 2018, Defendants' Human Resources stopped communicating with Plaintiff Govindharajan and said they will respond to EEOC charge.

44. On January 2, 2019, Plaintiff Govindharajan's Visa extension petition was withdrawn by Defendants without notice and while EEOC was closed due to Government Shutdown.

45. On January 3, 2019, Plaintiff Govindharajan, was forced to leave the United States in a matter of days, as a direct result of Defendants' withdrawing Plaintiff Visa extension petition.

46. On January 23, 2019, Plaintiff Govindharajan's salary was not paid and Plaintiff Govindharajan raised this concern to Defendants.

47. On January 25, 2019, Defendants agreed to pay Plaintiff Govindharajan's salary if Plaintiff Govindharajan agreed to leave the United States on January 30, 2019.

48. On February 09, 2019, Plaintiff Govindharajan traveled back to India after struggling to get his air tickets from Defendants.

49. From the regular pay cycle on January 23, 2019 until March 28, 2019, Plaintiff Govindharajan's salary was withheld by Defendants. During this period, Plaintiff Govindharajan was neither allowed to raise salary advance request as provisioned in Defendants internal policy.

50. From January 31, 2019 to February 09, 2019, Defendant refused to pay Plaintiff Govindharajan his US salary even though he was employed in the US during this period.

## COLLECTIVE ACTION ALLEGATIONS

51. Plaintiff Govindharajan brings the First Cause of Action, an EPA claim, on behalf of himself and all similarly situated persons who work or have worked as a Business Development Managers or who are working in the United States pursuant to L1A Visa, L1B Visas, or EB1 Green cards for Defendant Corporation who elect to opt- in to this action (the "EPA Collective").

52. Defendants are liable under the EPA for, inter alia, failing to properly compensate Plaintiff Govindharajan and the EPA Collective.

53. Consistent with Defendants' policies and patterns or practices, Plaintiff Govindharajan, and the EPA Collective were not paid equally with their English-speaking and US domiciled coworkers.

54. All of the work that Plaintiff Govindharajan and the EPA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the EPA Collective have performed.

55. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the EPA with respect to Plaintiff Govindharajan and the EPA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiff Govindharajan, and the EPA Collective, equal wages to that of their US colleagues.

## **CLASS ACTION ALLEGATIONS**

56. Plaintiff Govindharajan brings the EPA claims, under Rule 23 of the Federal Rules of Civil Procedure, and 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "EPA Class members") on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as Business Development Managers, or who are working in the United States pursuant to a L1A Visa, L1B Visas, or EB1 Green cards for Defendant Corporation in New York, New Jersey and the United States on or after the date that is three years before the filing of the complaint in this case (the "EPA Class Period").

57. The Rule 23 Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

58. Plaintiff Govindharajan claims are typical of those claims that could be alleged by any Rule 23 Class Member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class Member in separate actions.

59. Plaintiff Govindharajan and the Rule 23 Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all Rule 23 Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class Members.

60. Plaintiff Govindharajan is able to fairly and adequately protect the interests of the Rule 23 Class Members and has no interests antagonistic to the Rule 23 Class Members.

61. Plaintiff Govindharajan is represented by attorneys who are experienced and competent.

62. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage discrimination litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

63. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiff Govindharajan and the Rule 23 Class Members individually and include, but are not limited to, the following:

    a. Whether Defendants failed to pay Plaintiff Govindharajan and the Rule 23 Class equally to their colleagues working in the United States;

    b. Whether Defendants failure to pay Plaintiff Govindharajan and the Rule 23 Class equally to their colleagues working in the United States was a result of National Origin Discrimination;

    c. Whether Defendants provided inaccurate and false information on L1A Visa, L1B Visa and EB1Greencard applications to the USCIS, to evade US Federal and State

labor and employment laws, as required by the NYLL, NJLAD, EPA and the FLSA;

d.  The nature and extent of class-wide injury and the measure of damages for those injuries.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

64. Defendants operate an international technology company located in the Manhattan section of New York City.

65. Individual Defendant, Rajesh Gopinathan, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

66. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

67. Each Defendant possessed substantial control over Plaintiff Govindharajan, and all similarly situated employees, working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Govindharajan and all similarly situated individuals, referred to herein.

68. Defendants jointly employed Plaintiff Govindharajan and other similarly situated employees, and are Plaintiff Govindharajan and other similarly situated employees, employers within the meaning of 29 U.S.C. 201 et seq. the NYLL, EPA, FLSA, and the NJLAD.

69. In the alternative, Defendants constitute a single employer of Plaintiff Govindharajan and/or similarly situated individuals.

70. At all relevant times, Defendants were Plaintiff Govindharajan's employers within the meaning of the EPA, NJLAD, and the NYLL. Defendants had the power to hire and fire Plaintiff Govindharajan, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Govindharajan's services.

*Individual Plaintiff*

71. Plaintiff Govindharajan is a current employee of Defendants who is employed as a Business Development Manager.

72. Plaintiff Govindharajan seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Vinod Govindharajan*

73. Plaintiff Govindharajan is employed by the Defendants in or about September 02, 2010 until present day.

74. Defendants employed Plaintiff as a Business Development Manager.

75. Plaintiff Govindharajan's work duties requires neither discretion nor independent judgment.

76. Throughout his employment with Defendants, Plaintiff Govindharajan regularly worked in excess of 40 hours per week.

77. Throughout his employment with Defendants, Plaintiff Govindharajan regularly worked at Defendants' New Jersey Facility and received orders from the Defendants' headquarters in New York.

78. From approximately September 2, 2010 until present, Plaintiff Govindharajan worked as a Business Development Manager, approximately 9:00 a.m. until on or about 8:00 p.m., Monday through Friday (typically 55 hours per week).

79. Throughout his employment, Defendants paid Plaintiff Govindharajan his wages through direct deposit.

80. From approximately September 2010 until present, Defendants paid Plaintiff Govindharajan $105,000.00 yearly wage. However, Defendant paid Plaintiff Govindharajan's English speaking and American[2] co-workers, whose jobs require substantially equal skill, effort, and responsibility, $250,000.00 yearly wage.

81. Notifications in the form of posted notices and written correspondences, was not given to Plaintiff Govindharajan regarding equal wages under the FLSA, NYLL, EPA or the NJLAD.

82. Upon learning of Defendants' violation, Mr. Govindharajan reported this violation to United States Citizenship and Immigration Services ("USCIS") and the Equal Employment Opportunity Commission ("EEOC").

83. On or about January 2, 2019, subsequent to Mr. Govindharajan reporting Defendants actions and refusing to withdraw the EEOC charge, Defendants engaged in an adverse employment action against Mr. Govindharajan when they withdrew his visa and deported him back to India.

*Defendants' General Employment Practices*

---

[2] The term "American" applies to either US Permanent Resident or US Citizen interchangeably in this Complaint

84. At all time relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Govindharajan, and all similarly situated employees, to work without paying them equal wages to that of their  English speaking, United State based and /or American colleagues as required by federal and state laws.

85. Plaintiff Govindharajan is a victim of Defendants' common policy and practices which violate his rights under the New Jersey Law Against Discrimination, Title 7 of the Civil Rights Act of 1964, and New York Labor Law by, *inter alia*, not paying him wages equal to that of his English speaking, United State based and /or American colleagues.

86. Upon information and belief, these practices by Defendants were done willfully to evade federal and state equal pay laws and immigration laws related to employee's status as managers or executives within Defendants corporation as defined under 18 U.S. Code Section 1546.

87. Upon information and belief Defendants have been cited for similar violations previously by Department of Labor and/or other federal agencies for labor law violations.

88. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating EPA, NYLL, NJLAD, and TITLE 7 of the Civil Rights Act of 1964.

89. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Govindharajan, and other similarly situated current and former employees.

### **FIRST CAUSE OF ACTION**
### **NEW JERSEY CONSCIOUS EMPLOYEE PROTECTION ACT**
### **(Brought on behalf of Plaintiff)**

90. Plaintiff Govindharajan brings his New Jersey CEPA retaliation, and liquidated damages claim pursuant to CEPA Section 34:19-1 – 34:19-8.

91. At all relevant times, Plaintiff Govindharajan have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully engaging in conduct that violates 18 U.S. Code Section 1546.

92. Specifically, Mr. Govindharajan reasonably believed that Defendant's conduct was violating either a law or a rule or regulation promulgated pursuant to law.

93. Mr. Govindharajan performed whistle-blowing activity described in CEPA when he reported this violation to USCIS and the EEOC.

94. Defendants engaged in an adverse employment action against Mr. Govindharajan when they withdrew his visa and deported him back to India.

95. The EEOC has determined there is a causal connection between Mr. Govindharajan's whistle-blowing activity and Defendants adverse employment action.

96. Plaintiff Govindharajan was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### RETALIATION IN VIOLATION OF TITLE VII
### (Brought on behalf of Plaintiff)

97. Plaintiff Govindharajan repeats and realleges all paragraphs above as though fully set forth herein.

98. At all relevant times, Plaintiff Govindharajan have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully engaging in conduct that violates the Civil Rights Act of 1964 § 701 et seq., 42 U.S.C.A. § 2000e et seq.

99. Plaintiff Govindharajan engaged in a protected activity when he filed a Title VII National Origin Pay Discrimination EEOC Charge against Defendants.

100.    Plaintiff Govindharajans exercise of such protected activity was known by the Defendants.

101.    Thereafter, Defendants took an action that was materially adverse to Plaintiff Govindharajan when Defendants withdrew Plaintiff Govindharajans L-1A visa due to Plaintiff Govindharajan's refusal to withdraw the EEOC Discrimination Charge filed against Defendants.

102.    The EEOC has found that a causal connection existed between Plaintiff Govindharajans protected activity and Defendants materially adverse action.

103.    Plaintiff Govindharajan was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF FEDERAL EQUAL PAY LAW
### UNDER THE EQUAL PAY ACT OF 1963
### (Brought on behalf of Plaintiff and the Rule 23 Class)

104.    Plaintiff Govindharajan, and all similarly situated employees, repeats and realleges all paragraphs above as though fully set forth herein.

105.    At all times relevant to this action, Defendants is Plaintiff Govindharajan and all similarly situated employees, employers within the meaning of § 1620.8 of the Equal Pay Act. Defendants have power to hire and fire Plaintiff Govindharajan, and all similarly situated employees, control the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

106.    At all times relevant to this action, Defendants are engaged in commerce or in an industry or activity affecting commerce.

107.    Defendants constitute an enterprise within the meaning of § 1620.7(b) of the Equal Pay Act.

108.    Defendants failed to pay Plaintiff Govindharajan, and all similarly situated employees) equally with their United States coworkers who's jobs the performance of which requires equal skill, effort and responsibility and which are performed under similar working conditions, in violation of § 1620.13 of the Equal Pay Act.

109.    Defendants' failure to pay Plaintiff Govindharajan, and all similarly situated employees, equally with their United States coworkers was willful within the meaning of § 1620.33(c) of the Equal Pay Act.

110.    Plaintiff Govindharajan, and all similarly situated employees, was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### VIOLATION OF FEDERAL EQUAL PAY LAW
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Brought on behalf of Plaintiff and the Rule 23 Class)

111.    Plaintiff Govindharajan, and all similarly situated employees, repeats and realleges all paragraphs above as though fully set forth herein.

112.    At all times relevant to this action, Defendants is Plaintiff Govindharajan, and all similarly situated employees, employers within the meaning of § Pub. L. 88-352 of the Civil Rights Act of 1964. Defendants had power to hire and fire Plaintiff Govindharajan, (and all similarly situated employees), control the terms and conditions of their

employment, and determined the rate and method of any compensation in exchange for their employment.

113.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

114.    Defendants constitute an enterprise within the meaning of § Pub. L. 88-352 of the Civil Rights Act of 1964.

115.    Defendants failed to pay Plaintiff Govindharajan, and all similarly situated employees, equally with their English-Speaking, American and or US based coworkers who's jobs the performance of which requires equal skill, effort and responsibility and which are performed under similar working conditions, in violation of § Pub. L. 88-352 of the Civil Rights Act of 1964.

116.    Defendants' failure to pay Plaintiff Govindharajan, and all similarly situated employees, equally with their English-Speaking, American and or US based coworkers was willful within the meaning of § Pub. L. 88-352 of the Civil Rights Act of 1964.

117.    Defendants' failure to pay Plaintiff Govindharajan, and all similarly situated employees, equally with their English-Speaking, American and or US based coworkers was based on the Defendants disdain for Plaintiffs linguistic characteristics, in violation of 29 CFR § 1606.1 of the Equal Employment Opportunity Commission.

118.    Plaintiff Govindharajan, and all similarly situated employees, was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF NJ ST 10:5-12**

**NEW JERSEY UNLAWFUL EMPLOYMENT PRACTICES**

**OR UNLAWFUL DISCRIMINATION**

**(Brought on behalf of Plaintiff and the Rule 23 Class)**

119.    Plaintiff Govindharajan, and all similarly situated employees, repeats and realleges all paragraphs above as though fully set forth herein.

120.    At all times relevant to this action, Defendants is Plaintiff Govindharajan, and all similarly situated employees, employers within the meaning of § 10:5-5 of the N.J. Law Against Discrimination. Defendants had power to hire and fire Plaintiff Govindharajan, and all similarly situated employees, control the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

121.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

122.    Defendants failed to pay Plaintiff Govindharajan, and all similarly situated employees, equally with their English-Speaking coworkers who's jobs the performance of which requires equal skill, effort and responsibility and which are performed under similar working conditions, in violation of § 10:5-5 of the N.J. Law Against Discrimination.

123.    Defendants' failure to pay Plaintiff Govindharajan, and all similarly situated employees, equally with their English-Speaking coworkers was willful within the meaning of § 10:5-5 of the N.J. Law Against Discrimination.

124.    Defendants' failure to pay Plaintiff Govindharajan, and all similarly situated employees, equally with their English-Speaking coworkers was based on the Defendants disdain for Plaintiffs linguistic characteristics, in violation of 29 CFR § 1606.1 of the Equal Employment Opportunity Commission.

125.    Plaintiff Govindharajan, and all similarly situated employees, was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### VIOLATION OF NJ ST 10:5-12
### NEW JERSEY UNLAWFUL EMPLOYMENT PRACTICES
### OR UNLAWFUL DISCRIMINATION
### (Brought on behalf of Plaintiff and the Rule 23 Class)

126.     Plaintiff Govindharajan, and all similarly situated employees, repeats and realleges all paragraphs above as though fully set forth herein.

127.     At all times relevant to this action, Defendants is Plaintiff Govindharajan, and all similarly situated employees, employers within the meaning of § 10:5-5 of the N.J. Law Against Discrimination. Defendants had power to hire and fire Plaintiff Govindharajan, and all similarly situated employees, control the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

128.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

129.     Defendants failed to pay Plaintiff Govindharajan, and all similarly situated employees, equally with their US National coworkers who's jobs the performance of which requires equal skill, effort and responsibility and which are performed under similar working conditions, in violation of § 10:5-5 of the N.J. Law Against Discrimination.

130.     Defendants' failure to pay Plaintiff Govindharajan, and all similarly situated employees, equally with their US National coworkers was willful within the meaning of § 10:5-5 of the N.J. Law Against Discrimination.

131.     Plaintiff Govindharajan, and all similarly situated employees, was damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
### VIOLATION OF 18 U.S. CODE SECTION 1546
### FRAUD AND MISUSE OF VISAS, PERMITS, AND OTHER DOCUMENTS
### (Brought on behalf of Plaintiff and the Rule 23 Class)

132.     Plaintiff Govindharajan, and all similarly situated employees, repeats and realleges all paragraphs above as though fully set forth herein.

133.     Defendants procured by fraud or unlawfully obtained L1A Visa's for Plaintiff Govindharajan and all similarly situated employees.

134.     Defendants used fraudulently obtained Visa's to emigrate Plaintiff Govindharajan, and all similarly situated employees, to the United States with the intent of having them work for lesser wages than their American resident co-worker similar situated in skills and responsibilities.

135.     Defendants intentionally misrepresented Plaintiff Govindharajan, and all similarly situated employees, as being managers in violation of 18 U.S. Code Section 1546.

136.     Defendant intentionally summitted fraudulent supporting documents to the USCIS in support of their Form I-129s application for Plaintiff Govindharajan, and all similarly situated employees.

137.     Plaintiff Govindharajan, (and all similarly situated employees) was damaged in an amount to be determined at trial.